DAVID FRANKEL and THE NINTH NATIONAL BANK AND
TRUST COMPANY, complainants,

*v.*

SOLOMON MAJOR et al., defendants.

[Decided September 9th, 1930.]

*Messrs. Endicott & Endicott,* for the complainants.

*Mr. Joseph B. Perskie,* for the defendant Shils-Sinderbrand
Coal Company.

*Mr. Augustine B. Repetto,* for the defendant Harry Wexler.

*Messrs. Moore & Butler,* for the defendants William M.
Rudolph and Louella T. Rudolph.

INGERSOLL, V. C.

The exceptant bases his exceptions to the master's report
upon the ground that the master "erred in not finding that
all of the interest paid on the principal of the usurious mort-
gage of $75,000, from July 30th, 1926, to July 30th, 1929,
be deducted from the principal of said mortgage." The mas-
ter did allow a credit on the principal of the interest payment
made in excess of the legal rate.

The exceptant rests his claim entirely upon the decision
of the court of errors and appeals in *Lowenthal* v. *Myers,*
*75 N. J. Eq. 286,* in which the court of errors and appeals,
speaking in the opinion of Judge Dill, said:

"We agree with the vice-chancellor that the mortgage was usurious in its inception and that the subsequent payment of $88.50 as interest and the one of $75 to induce the complainant to defer a payment due upon the mortgage should be applied to a reduction of the principal of the mortgage."

Vice-Chancellor Leaming, in a case decided three months thereafter (*Kohn* v. *Kelly, 76 N. J. Eq. 132*), said:

"The single question here presented is whether our statute against usury entitles defendant to a deduction from the amount actually loaned of all interest which has been paid by him, or only entitles him to a deduction of the amount of illegal interest paid by him. I am unable to consider this an open question in this state. In all cases in which the subject appears to have been directly considered the view has been uniformly adopted that the statutory deduction from the amount actually loaned of interest already paid is of the interest which has been paid in excess of the legal rate. (Quoting a number of cases.)"

The vice-chancellor proceeds in *Lowenthal* v. *Myers:*

"I ordered an interest payment credited on the principal of a usurious mortgage, and the court of errors and appeals appears to have affirmed that part of my decision. The language of the statute touching interest payments already made was not brought to my attention in that case, and I think it reasonable to assume that the appellate court made a similar oversight, for I am entirely satisfied that the latter court would not have intentionally departed from its former views without some expression of the reasons for so doing."

This was affirmed by the court of errors and appeals without opinion in *77 N. J. Eq. 273.*

The exceptions to the master's report will, therefore, be dismissed.